Filed 9/11/23  P. v. Carmona CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B325487 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No.  NA110859-01 |
| v. | |
| EDUARDO CARMONA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Affirmed.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Finding no error, we affirm.

A jury convicted appellant Eduardo Carmona of assault with a firearm and possession of a firearm by a felon. The jury also found true allegations that he personally used a handgun within the meaning of Penal Code section 12022.5, subdivision (a), and that he personally inflicted great bodily injury upon the victim within the meaning of Penal Code section 12022.7, subdivision (a). Carmona waived jury trial on his strike and serious felony prior convictions and admitted them as alleged in the information.

At sentencing, the trial court selected the high term of four years for the assault conviction. This was doubled pursuant to the Three Strikes law. The trial court selected the low term of three years for the sentence enhancement under Penal Code section 12022.5, subdivision (a). It also imposed a three-year term pursuant to Penal Code section 12022.7 because the victim was injured. Finally, the court, recognizing its discretion, imposed a five-year term pursuant to Penal Code section 667, subdivision (a)(1) (enhancement for conviction of a felony within five years of serving a prison term) for the protection of the public.

As for the conviction for possession of a firearm by a felon, the court imposed the upper term of three years doubled pursuant to the Three Strikes law and stayed the sentence under Penal Code section 654. Carmona's aggregate sentence was 19 years in state prison.

Carmona appealed and we remanded the case to the trial court for resentencing because appellant qualified for consideration under newly enacted Assembly Bill No. 124 (2021–2022 Reg. Sess.). Assembly Bill No. 124 mandates a presumptive sentence of low term (unless the court finds that the aggravating circumstances outweigh the mitigating circumstances) where "psychological, physical, or childhood trauma, including, but not limited to abuse, neglect, exploitation, or sexual violence" is a contributing factor in the commission of the offense. (Stats. 2021, ch. 695, § 5.3, adding Pen. Code, § 1170, subd. (b)(6).)

On remand, the trial court reduced the upper-term sentences to mid-term sentences, resulting in an aggregate sentence of 17 years. The trial court declined to sentence appellant to the low term because "[t]here are interests of society that this defendant remained locked up until he does get whatever help he needs to allow him to be a productive citizen of society, without him committing violent acts." The court continued, "And although I will not give him high term and feel that if he needs to have additional four years protected from society, I will give him that extra two as to midterm." The court concluded, "I am still going above the presumption of [Assembly Bill No.] 124, because I still think that this defendant is a danger to society, based on the nature of the crime and what occurred; and that he has not availed himself of other opportunities to try and improve his mental status."

Appellant filed a notice of appeal.  On June 15, 2023, counsel for appellant filed an opening brief pursuant to *People v. Wende*, asking this court to independently review the record for error.  On June 15, 2023, the court advised appellant of his right to file a supplemental brief on issues he wants the court to consider.  Appellant has not filed a supplemental brief.

We have examined the record and are satisfied appellant's counsel fully complied with her responsibilities and no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

4